ORIGINAL ✓m

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 1 6 2008

CLERK, U.S. DISTRICT COURT
By _____ Deputy

#2275

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLAKE BOX d/b/a BLAKE BOX COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | C.A. NO. _____ <br><br> 3-08CV1010-M |
| DALLAS MEXICAN CONSULATE GENERAL, | § § § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Blake Box d/b/a Blake Box Company ("Mr. Box" or "Plaintiff") files this Original Complaint against Defendant Dallas Mexican Consulate General, an agency or instrumentality of The United Mexican States, a foreign state (the "Consulate" or "Defendant"), and would respectfully show the Court as follows:

### I. INTRODUCTION

This case relates to the application of law to an entity doing business in the United States, whether an individual or a foreign government. Defendant engaged Mr. Box for the purpose of providing confidential real estate analysis, space planning, and various other services in connection with the search for new consular offices. It was understood by the Dallas Ambassador to the Consulate and other Consular officials that Mr. Box expected to be compensated for his services.

When the owner of the space that Mr. Box identified for the Consulate would not lease the property, the Consulate and Mr. Box entered into a joint venture to purchase all three

buildings, with the Consulate agreeing to purchase back one of those buildings from Mr. Box. The Consulate, however, violated each of its agreements, refusing to pay Mr. Box for his services, and secretly negotiating with another entity to purchase the three buildings at issue in violation of the joint venture with Mr. Box.

When the Mexican Government does business in the United States, it is not above the law. Mr. Box brings this action to enforce his rights.

## II.   PARTIES, JURISDICTION, AND VENUE

1.   Plaintiff **Blake Box d/b/a Blake Box Company**, is an individual and citizen of the State of Texas. He may be served through his counsel of record.

2.   Defendant **Dallas Mexican Consulate General** is an agency or instrumentality of a foreign state, and may be served pursuant to the Foreign Sovereign Immunities Act of 1976 (as amended in 1988), Title 28, Part IV, Chapter 97, Sections 1602-1611 (the "Foreign Sovereign Immunities Act").

3.   The Court has jurisdiction and venue over this lawsuit pursuant to the Foreign Sovereign Immunities Act.

## III.   THE FACTS

4.   The Consulate recently announced the purchase of a new consulate building to serve Dallas and the surrounding areas. The Consulate's building search for the city of Dallas had been ongoing for approximately five years when a City of Dallas official approached Mr. Box in the latter part of 2006 and asked him to assist the Consulate with its relocation efforts in hopes of keeping the Consulate within Dallas city limits.

5.   Mr. Box contacted the Consulate and began to provide them with services in late 2006 and throughout 2007.

6. The representatives of the Consulate, including Ambassador Enrique Hubbard Arrea and Mr. Hugo Juarez-Carillo, retained Mr. Box to provide services to the Consulate in connection with its search for a new building for the Consulate in Dallas.

7. Initially, the Consulate retained Mr. Box to aid it in searching for a lease arrangement. Sometime thereafter, however, the Consulate and Mr. Box mutually changed the terms of their agreement to services related to a purchase rather than lease of a building to house the Consulate.

8. Mr. Box worked numerous hours on the Consulate's behalf for over a year.

9. Among other services provided by Mr. Box, he identified prospective sites, conducted space planning, enlisted the help of contractors, met with city of Dallas and consulate officials at various lease and building sites, and oversaw negotiations involving potential leases and/or purchases.

10. Mr. Box and the Consulate agreed that he would be compensated for his services.

11. Mr. Box expended money on the Consulate's behalf to third-party vendors in connection with the services that he provided the Consulate.

12. Mr. Box identified and evaluated a building that is part of a complex located at 1210-1230 River Bend Drive in Dallas (the "River Bend Plaza Complex") as a good fit for the needs of the Consulate. On behalf of the Consulate, Mr. Box initiated discussions with the owner to determine the viability of a lease arrangement involving the building located at 1210 River Bend Drive (the "Consulate Building"). The owner of the River Bend Plaza Complex informed Mr. Box that he was not interested in either a lease or sale of only the Consulate Building. The owner indicated instead that he was only open to a transaction involving the sale of the entire River Bend Plaza Complex.

13. Thereafter, the Consulate and Mr. Box entered into a joint venture whereby Mr. Box's newly formed entity would purchase the complex and the Consulate would then purchase the Consulate Building from the entity for approximately $4,000,000. Thereafter, Mr. Box concentrated his efforts on this joint venture arrangement to purchase the River Bend Plaza Complex based on the Consulate's express desire and agreement to buy the Consulate Building. Mr. Box, and the other investors in the joint venture, would retain the other two buildings comprising the River Bend Plaza Complex after the sale to the Consulate of the Consulate Building.

14. After reaching an agreement in principal with the owner of the River Bend Complex on behalf of the joint venture, the Consulate represented to Mr. Box that it was no longer interested in pursuing the joint venture purchase of the River Bend Plaza Complex.

15. The Consulate representatives retained Mr. Box to investigate other options.

16. Meanwhile, the Consulate secretly contacted and engaged in a joint venture with a third-party individual to initiate new negotiations with the owner of the River Bend Plaza Complex. This conduct violated the Parties' agreement. The Consulate representatives provided this individual with Mr. Box's work product regarding the River Bend Plaza Complex in further violation of the Parties' agreements.

17. Upon information and belief, this third-party worked with the Consulate to purchase the River Bend Plaza Complex. The third-party did not notify the owner of the River Bend Plaza Complex that he was working with the Consulate. Instead, he portrayed himself as an independent investor interested in purchasing the entire River Bend Plaza Complex. After successfully completing the purchase of the River Bend Complex, the third-party individual consummated the sale of the Consulate Building to the Consulate.

18. Mr. Box learned of the sale of the Consulate Building sometime in December 2007 when the Consulate's official relocation was announced publicly.

19. Mr. Box has not been paid for his services. Upon demand, the Consulate refused to pay him.

20. Likewise, upon demand, the Consulate has refused to abide by the terms of the joint venture. Instead, the Consulate provided Mr. Box's work product to the third-party investor in violation of their agreements.

### IV.     CONDITIONS PRECEDENT

21. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

### V.     CAUSES OF ACTION

#### FIRST CAUSE OF ACTION
#### BREACH OF CONTRACT

22. Plaintiff re-alleges and incorporates all allegations set forth above and below.

23. Defendant's actions, including but not limited to those actions described above, have breached the agreements between the parties for the provision of services and joint venture agreement.

24. Plaintiff has fulfilled in all material respects all of their contractual obligations.

25. As a result of Defendant's breach, Plaintiff has suffered actual and consequential damages.

#### SECOND CAUSE OF ACTION
#### FRAUD/FRAUDULENT INDUCEMENT

26. Plaintiff re-alleges and incorporates all allegations set forth above and below.

27. Defendant made material representations to Plaintiff. The representations were false. When Defendant made the representations, Defendant knew the representations were false

or made the representations recklessly, as positive assertions, and without knowledge of their truth. Defendant intended to induce Plaintiff to enter into binding agreements based on the false representations. Plaintiff relied on Defendant's false representations. Plaintiff also entered into agreements based on Defendant's false representations. The false representations caused him injury.

28. Defendant concealed from or failed to disclose certain facts to Plaintiff. Defendant had a duty to Plaintiff that required the Defendant to disclose the facts to him. The facts were material. Defendant knew (1) Plaintiff was ignorant of the facts, and (2) Plaintiff did not have an equal opportunity to discover the facts. Defendant was deliberately silent when it had a duty to speak. By failing to disclose the facts, Defendant intended to induce Plaintiff to take some action or refrain from acting. Plaintiff relied on Defendant's nondisclosure. Plaintiff was injured as a result of acting without the knowledge of the undisclosed facts.

### THIRD CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY

29. Plaintiff re-alleges and incorporates all allegations set forth above and below.

30. Defendant owes Plaintiff fiduciary duties as its agent and part of the joint-venture.

31. Defendant's course of conduct violated the fiduciary duties owed to the Plaintiff.

32. As a result of these breaches, the Plaintiff has been damaged and will continue to be damaged by Defendant's unlawful and ongoing conduct.

33. Plaintiff also seeks exemplary damages based upon the Defendant's conduct as alleged above and below.

### FOURTH CAUSE OF ACTION
### UNJUST ENRICHMENT

34. Plaintiff re-alleges and incorporates all allegations set forth above and below.

35.     Payment or credit received in satisfaction of debt or retention of any of the funds by Defendant would result in unjust enrichment. In equity, such funds should be paid to Plaintiff.

## FIFTH CAUSE OF ACTION
## QUANTUM MERUIT

36.     Plaintiff re-alleges and incorporates all allegations set forth above and below.

37.     Plaintiff provided and rendered a variety of valuable services to Defendant. As a direct result of Plaintiff's rendition of services, benefits were conferred on Defendant. Defendant used, accepted, and enjoyed the services provided by Plaintiff, and had notice that Plaintiff expected to be paid for these services.

38.     As a direct and proximate result of Defendant's non-payment, the Plaintiff has been damaged and is entitled to recover the reasonable value of services he provided to Defendant. Plaintiff reasonably expected payment for his services, and Defendant knew the Plaintiff expected payment.

## SIXTH CAUSE OF ACTION
## PROMISSORY ESTOPPEL

39.     Plaintiff re-alleges and incorporates all allegations set forth above and below.

40.     Defendant made promises to the Plaintiff. Plaintiff reasonably and substantially relied upon those promises to his detriment. Plaintiff's reasonable reliance was foreseeable by Defendant. Injustice can only be avoided by enforcing the Defendant's promises.

## SEVENTH CAUSE OF ACTION
## CONSTRUCTIVE TRUST

41.     Plaintiff re-alleges and incorporates all allegations set forth above and below.

42. As a result of their conduct, Defendant has obtained a benefit and has been unjustly enriched. The Plaintiff requests that the court impose a constructive trust on such property and/or assets and order Defendant to transfer and pay over such funds to the Plaintiff, including his fees and costs incurred in bringing this action.

### EIGHTH CAUSE OF ACTION
### ATTORNEYS' FEES

43. The Plaintiff re-alleges and incorporates all allegations set forth above and below.

44. The Plaintiff retained the undersigned attorneys to represent him in this action and agreed to pay such attorneys reasonable and necessary attorneys' fees. The Plaintiff seeks recovery of his reasonable and necessary attorneys' fees, costs and expenses through trial and all appeals under applicable Texas law, including but not limited to Section 38 of the TEX. CIV. PRAC. & REMS. CODE.

45. The Plaintiff has presented his claim to the Defendant, and Defendant has refused to tender performance in response.

### NINTH CAUSE OF ACTION
### EXEMPLARY DAMAGES

46. The Plaintiff re-alleges and incorporates all allegations set forth above and below.

47. The Plaintiff seeks exemplary damages from Defendant based on its fraudulent conduct; willful and malicious conduct in breaching its fiduciary duty to the Plaintiff and, willful, intentional and malicious conduct; including fraud. As a result, such damages are not subject to any statutory limitations.

### VI.    JURY DEMAND

48. Plaintiff demands a trial by jury on all issues.

### VII.    PRAYER

49. The Plaintiff requests the following relief:

   a. Actual and compensatory damages;

   b. Consequential damages, including but not limited to lost profits;

   c. A constructive trust;

   d. The reasonable and necessary attorneys' fees and expenses incurred through the trial of this cause and through any appeal of this action, including but not limited to expert witness fees and expenses;

   e. Interest at the legal rate allowed by law prior to judgment, and after judgment interest at the legal rate allowed by law until paid;

   f. Costs of suit;

   g. Profit disgorgement;

   h. Fee forfeiture;

   i. Punitive damages; and

   j. Such other and further relief, both special and general, at law or in equity, to which Plaintiff may be justly entitled.

DATED: May \_\_\_\_, 2008 *(handwritten: June 16, 2008)*

Respectfully submitted,

_____
Edward Jason Dennis
State Bar No. 24045776
**LYNN TILLOTSON PINKER & COX, LLP**
750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201
Telephone:   214-981-3800
Facsimile:    214-981-3839

**ATTORNEYS FOR PLAINTIFF
BLAKE BOX d/b/a BLAKE BOX COMPANY**

OF COUNSEL:

_____
William A. Kendall, Jr.
State Bar No. 24004736
**WILLIAM A. KENDALL, P.C.**
5005 Greenville Avenue, Suite 200
Dallas, Texas 75206
Telephone:   214-361-6124
Facsimile:    214-361-6126

ORIGINAL

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

3-08CV1010-M

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Blake Box d/b/a Blake Box Company

**(b)** County of Residence of First Listed Plaintiff   **Dallas County, Texas**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Lynn Tillotson Pinker & Cox, LLP  750 N St. Paul St., Suite 1400, Dallas, Texas  75201   Tel: 214-981-3800

## DEFENDANTS
Dallas Mexican Consulate General

County of Residence of First Listed Defendant   Foreign State
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

RECEIVED JUN 16 2008 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander  ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  ☐ 345 Marine Product Liability **PERSONAL PROPERTY**  ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability  ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) |  |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
|  | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare  ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment  ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  |  ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other  ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1602
Brief description of cause:
Breach of Contract, Breach of Fiduciary Duty and Quantum Meruit

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  6/16/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____