IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLAKE BOX d/b/a BLAKE BOX COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:08-CV-01010-O |
| DALLAS MEXICAN CONSULATE GENERAL, | § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION**

Before the Court is Plaintiff's Motion to Permit Enforcement of Judgment (ECF No. 132), filed July 29, 2016. Plaintiff Blake Box asks that the Court issue a finding under 28 U.S.C. § 1610(c) that a "reasonable period of time has elapsed" since this Court entered judgment so that Box may take collection action against Defendant Dallas Mexican Consulate General. On October 20, 2016, the Court found that a reasonable period of time had elapsed since it entered judgment, but ordered Box to provide further briefing identifying the specific property against which he sought execution. Oct. 20, 2016 Order 5–6, ECF No. 136.

In response, Box clarified that he has not yet identified assets and is not seeking attachment of any specific assets at this point. Pl.'s Br. 1, ECF No. 137. He reiterated his request that the Court enter an order under 28 U.S.C. § 1610(c).[1] *Id.* at 2. The Consulate filed a response to Box's brief opposing any "blanket grant of authority to enforce Judgment." Def.'s

---

[1] In his response brief, Box also asked that the Court grant his request "to seek postjudgment discovery pursuant to the Federal Rules of Civil Procedure." Pl.'s Br. 2, ECF No. 137. However, an order from the Court is not required for Box to engage in postjudgment discovery. *See* Fed. R. Civ. P. 69(a)(2). Therefore, the Court does not address the discovery matters discussed in the parties' respective briefs.

1

Resp. 2, ECF No. 138. Mr. Box then submitted a reply identifying previous cases in which § 1610(c) orders permitting enforcement have been granted. *See generally*, Pl.'s Reply, ECF No. 139. Having considered the parties' additional briefing, the Court finds that Box's Motion to Permit Enforcement should be granted.

Under 28 U.S.C. § 1609 foreign sovereigns are immune from attachment or execution to satisfy a judgment. However, this immunity is subject to exceptions outlined in 28 U.S.C. § 1610(a) and (b). In order to execute against property subject to these exceptions, the party seeking execution must obtain from a court an order authorizing attachment or execution under § 1610(c). 28 U.S.C. § 1610(c); *Connecticut Bank of Commerce v. Republic of Congo*, 309 F.3d 240, 247 (5th Cir. 2002), *as amended on denial of reh'g* (Aug. 29, 2002) ("Only a court may execute against a foreign sovereign's property under the FSIA."). Section 1610(c) provides:

> No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.

28 U.S.C. § 1610(c). In this case, the notice requirement of § 1608(e) is not at issue and the Court previously held that a sufficient period of time had elapsed since the entry of judgment. Oct. 20, 2016 Order 5–6, ECF No. 136. Therefore, the requirements of § 1610(c) have been satisfied. The only remaining question is whether a § 1610(c) order is proper.

The Consulate contends "Box is not entitled to a blanket grant of authority to enforce the Judgment. Rather . . . Box must first show that a specific 'property subject to attachment or execution qualifies for one of the exceptions to foreign sovereign immunity' in § 1610 of the FSIA before a grant of enforcement is appropriate." Def.'s Resp. 2, ECF No. 138 (quoting Oct. 20, 2016 Order 3–4, ECF No. 136). In light of the additional briefing, the Court disagrees.

2

A § 1610(c) order in the context of this case would not "authorize the attachment or execution of particular property—or any property at all." *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 798 F. Supp. 2d 260, 270 (D.D.C. 2011). Rather, it would ease Box's procedural barriers as he sought discovery in aid of execution. *See* Fed. R. Civ. P. 69(a)(2). As the District Court for the District of Columbia held in *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*:

> The purpose of obtaining an order finding compliance with § 1610(c) [] is to permit a FSIA plaintiff to establish that one of the prerequisites is satisfied so that the plaintiff may pursue specific attachments without worry over any lingering § 1610(c) requirements. In light of the severe hurdles to enforcement of judgments that often face FSIA plaintiffs, a 1610(c) order makes practical sense. But such orders say nothing about the remaining jurisdictional immunities that must be overcome before an order granting the attachment or execution of particular property may issue.

798 F. Supp. 2d at 271 (citing *Rubin v. Islamic Republic of Iran,* 637 F.3d 783, 800 (7th Cir. 2011)).

Following the district court's reasoning in *Agudas Chasidei Chabad of U.S.*, the Court finds that a § 1610(c) order is appropriate here. Therefore, Box's Motion to Permit Enforcement (ECF No. 132) is hereby **GRANTED**. An enforcement order will issue separately.

**SO ORDERED** on this **30th day** of **January, 2017**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

3